# INDEX IN SUPPORT AND IN OPPOSITION TO MOTION TO SEAL

Jorjani v. NJIT, et al. Case No. 18-cv-11693

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Objection to Magistrate's Order Pursuant to FRCP 72, dated January 12, 2021, DKT. 62-1 |||||| 
| Page 7, para. 15(a) in its entirety. | The Agreed Discovery Confidentiality Order ("DCO"), dated October 11, 2019 (DE No. 35), specifically allows information to be kept confidential, and specifically prevents the parties from using confidential information in public filings without prior permission from the opposing party. This information was marked confidential pursuant to the DCO, and Plaintiff has used this information in a public filing without prior permission from Defendants in what Defendant contends is a direct violation of the DCO. *See Declaration* of Marc D. Haefner ("Haefner Decl.") ¶3, 5.<br><br>Secondarily, this information contains confidential decision-making discussions regarding certain personnel, and disclosure of such information would hinder NJIT's ability to operate efficiently and would discourage NJIT's candid evaluation of personnel. *See* Haefner Decl. ¶4. | Defendants have a continuing interest to ensure that its confidential, non-public information remains undisclosed. If the relief is not granted, it would render the Court's prior Order nugatory, would contravene each parties' expectation under the DCO that information marked confidential would remain confidential, and would hinder the Court's ability to demand compliance with its Order. *See* Haefner Decl. ¶5. | There is no less restrictive alternative other than permanently sealing portions of the above-listed document. This is the least restrictive alternative available to protect the nonpublic highly confidential information contained in the document. *See* Haefner Decl. ¶8.<br><br>Additionally, a redacted version of the document consistent with this index will be filed on the docket by Defendants in their cross motion. *Id.* | None. | Pursuant to the procedure at ¶8(a) of the DCO, the email dated November 30, 2016, upon which this paragraph was based, has already been declassified. Specifically that declassification was effected by objection to Defense Counsel on March 25, 2020, wherein Plaintiff challenged the confidential status of said email dated November 30, 2016. Defendants failed to respond, meaning that under ¶8(a) of the DCO said email would no longer be treated as "confidential." See DKT. 18-2 and 18-3 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422).<br><br>The document/email in question is found at p. 3 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. Exhibit 1 is at the still sealed DKT. 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422), while the Kelly Affidavit is found at DKT. 18-2 of said case.<br><br>Quite aside from the March 25, 2020 challenge, please see Kelly Affidavit sworn March 22, 2021, for Defendants' substantive arguments are error. |

Exhibit 1 to said Objection – DKT. 62-2.

| | | | | | |
|---|---|---|---|---|---|
| Page 6, block quote in its entirety | The Agreed Discovery Confidentiality Order ("DCO"), dated October 11, 2019 (DE No. 35), specifically allows information to be kept confidential, and specifically prevents the parties from using confidential information in public filings without prior permission from the opposing party. This information was marked confidential pursuant to the DCO, and Plaintiff has used this information in a public filing without prior permission from Defendants in direct violation of the DCO. *See Declaration* of Marc D. Haefner ("Haefner Decl.") ¶3, 5.<br><br>Secondarily, this information contains confidential decision-making discussions regarding certain personnel, and disclosure of such information would hinder NJIT's ability to operate efficiently and would discourage NJIT's candid evaluation of personnel. *See* Haefner Decl. ¶4. | Defendants have a continuing interest to ensure that its confidential, non-public information remains undisclosed. If the relief is not granted, it would render the Court's prior Order nugatory, would contravene each parties' expectation under the DCO that information marked confidential would remain confidential, and would hinder the Court's ability to demand compliance with its Order. *See* Haefner Decl. ¶5. | There is no less restrictive alternative other than permanently sealing portions of the above-listed document. This is the least restrictive alternative available to protect the nonpublic highly confidential information contained in the document. *See* Haefner Decl. ¶8.<br><br>Additionally, a redacted version of the document consistent with this index will be filed on the docket by Defendants in their cross motion. *Id* | None. | Pursuant to the procedure at ¶8(a) of the DCO, the email dated December 5, 2016, upon which this paragraph was based, has already been declassified. Specifically that declassification was effected by objection to Defense Counsel on March 25, 2020, wherein Plaintiff challenged the confidential status of said email dated December 5, 2016. Defendants failed to respond, meaning that under ¶8(a) of the DCO said email would no longer be treated as "confidential." See DKT. 18-2 and 18-3 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422).<br><br>The document/email in question is found at p. 12 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. Exhibit 1 is at the still sealed DKT. 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422), while the Kelly Affidavit is found at DKT. 18-2 of said case.<br><br>Quite aside from the March 25, 2020 challenge, please see Kelly Affidavit sworn March 22, 2021, for Defendants' substantive arguments are error. |
| Page 6, 1st line after block quote, after "thread" until "(emphasis" on line 2 | Same as above. | Same as above. | Same as above. | Same as above. | Same as above, except that the document/email in question is from Defendant Deek dated December 5, 2016 and is found at p. 11 of said Exhibit 1. |

| | | | | | |
|---|---|---|---|---|---|
| Page 14, 1st para., line 4 after "agreement" through the end of the para.; | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except this is once again the email from Defendant Deek, dated November 30, 2016 found at p. 3 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. |
| Page 14, last para., last line after "leanings" until "As for" on page 15, line 2 | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except this is an email from Professor Katz dated September 20, 2017, found at p. 90 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. |
| Page 17, last para., line 3 after "Jorjani" until "At that" on line 4 | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except this is once again the email from Defendant Deek, dated November 30, 2016 found at p. 3 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. |
| Pages 18-20, paras. a through e in its entirety | Same as above. | Same as above. | Same as above. | Same as above. | Any confidential information is already obscured by the use of pseudonyms and generalized descriptors such as "Employee X" and "Outside Company." |
| Page 20, last para., line 6 after "or" until "let" on line 7; | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except this is once again the email from Professor Katz dated September 20, 2017, found at p. 90 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. |

| | | | | | |
|---|---|---|---|---|---|
| Page 21, block quote in its entirety; | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except this is an email from Professor Katz dated March 20, 2017, found at p. 35 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. |
| Page 22, block quote in its entirety | Same as above. | Same as above. | Same as above. | Same as above. | This was from a letter (signed by Defendant Deek) to Jorjani dated September 25, 2017, sent to him prior to any litigation.  Defendants can no more control the dissemination of the contents of this letter than they can any other letter that is mailed out to the outside world.  Any recipient is free to republish it to anyone. |
| Page 25, first bullet point, line 1 after "released" until "The citation" on line 5; | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above: this was the self-same September 25, 2017 Letter from Deek to Jorjani referenced immediately above. |
| Page 25, 4th bullet point, line 2 after "violation" until "No" on line 6; and | Same as above. | Same as above. | Same as above. | Same as above. | Any confidential information is already obscured by the use of pseudonyms and generalized descriptors such as "Employee X" and "Outside Company." |
| Privilege Log, all columns and rows in its entirety with the exception of the title and heading. | Same as above. Further, these allegations contain information gleaned from NJIT's privilege log.  Maintaining the sanctity of the attorney-client privilege outweighs any interest the public might have in discovering the information. *See* Haefner Decl. ¶3 | Same as above. | Same as above. | Same as above. | If the information has been "gleaned" from Defendant's own Privilege Log, then Defense Counsel has not done enough to keep such information privileged and has no one to blame but himself.  Further, please see the Kelly certification dated March 20, 2021 for why such information manifestly fails to meet the standards for the DCO. |

Exhibit 2 to said Objection – DKT. 62-3

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, page 4, last para. in its entirety ending on page 5; | The Agreed Discovery Confidentiality Order ("DCO"), dated October 11, 2019 (DE No. 35), specifically allows information to be kept confidential, and specifically prevents the parties from using confidential information in public filings without prior permission from the opposing party. This information was marked confidential pursuant to the DCO, and Plaintiff has used this information in a public filing without prior permission from Defendants in direct violation of the DCO. *See Declaration* of Marc D. Haefner ("Haefner Decl.") ¶3, 5.<br><br>Secondarily, this information contains confidential decision-making discussions regarding certain personnel, and disclosure of such information would hinder NJIT's ability to operate efficiently and would discourage NJIT's candid evaluation of personnel. *See* Haefner Decl. ¶4. | Same as above. | Same as above. | Same as above. | Plaintiff recapitulates what has been argued above: Pursuant to the procedure at ¶8(a) of the DCO, the emails upon which this paragraph were based, have already been declassified.  Specifically that declassification was effected by objection to Defense Counsel on March 25, 2020, wherein Plaintiff challenged the confidential status the relevant emails.  Defendants failed to respond, meaning that under ¶8(a) of the DCO said email would no longer be treated as "confidential."  See DKT. 18-2 and 18-3 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422).<br><br>The documents/emails in question are found at pp. 34-36 and 53-54 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. Exhibit 1 is at the still sealed DKT. 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422), while the Kelly Affidavit is found at DKT. 18-2 of said case.<br><br>Quite aside from the March 25, 2020 challenge, please see Kelly Affidavit sworn March 22, 2021, for Defendants' substantive arguments are error. |
| October 20, 2020 letter, page 5, last para. in its entirety ending on page 6 | Same as above. | Same as above. | Same as above. | Same as above. | All of this information is available from the Executive Summary of the Saiber Report provide to Jorjani on March 6-7, 2018, prior to litigation, which was not marked confidential.<br><br>Furthermore, please see Kelly Affidavit sworn March 22, 2021, for why Defendants' substantive arguments are error, especially as to the privacy interest being Jorjani's to hold or share. |

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, page 6, 2nd para. in its entirety | Same as above. | Same as above. | Same as above. | Same as above. | All of this information is available from the Executive Summary of the Saiber Report provide to Jorjani on March 6-7, 2018, prior to litigation, which was not marked confidential.<br><br>Furthermore, please see Kelly Affidavit sworn March 22, 2021, for why Defendants' substantive arguments are error, especially as to the privacy interest being Jorjani's to hold or share |
| October 20, 2020 letter, page 6, last para. in its entirety ending on page 7 | Same as above. | Same as above. | Same as above. | Same as above. | All of this information is available from the Executive Summary of the Saiber Report provide to Jorjani on March 6-7, 2018, prior to litigation, which was not marked confidential.<br><br>Furthermore, please see Kelly Affidavit sworn March 22, 2021, for why Defendants' substantive arguments are error, especially as to the privacy interest being Jorjani's to hold or share |
| October 20, 2020 letter, page 7, last para. in its entirety ending on page 8; | Same as above. | Same as above. | Same as above. | Same as above. | All of this information is available from the Executive Summary of the Saiber Report provide to Jorjani on March 6-7, 2018, prior to litigation, which was not marked confidential.<br><br>Furthermore, please see Kelly Affidavit sworn March 22, 2021, for why Defendants' substantive arguments are error, especially as to the privacy interest being Jorjani's to hold or share |
| October 20, 2020 letter, Ex. 1 redact in its entirety; | Same as above. | Same as above. | Same as above. | Same as above. | Plaintiff recapitulates what has been argued above: Pursuant to the procedure at ¶8(a) of the DCO, the emails upon which this paragraph were based, have already been declassified.  Specifically that declassification was effected by objection to Defense Counsel on March 25, 2020, wherein Plaintiff challenged the confidential status the relevant emails.  Defendants failed to respond, meaning that under ¶8(a) of the DCO said email would no longer be treated as "confidential."  See DKT. 18-2 and 18-3 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422).<br><br>The documents/emails in question are found at pp. 34-36 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020. Exhibit 1 is at the still sealed DKT. 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422), while the Kelly Affidavit is found at DKT. 18-2 of said case. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Quite aside from the March 25, 2020 challenge, please see Kelly Affidavit sworn March 22, 2021, for Defendants' substantive arguments are error. |
| October 20, 2020 letter, Ex. 2 redact in its entirety | Same as above. | Same as above. | Same as above. | Same as above. | Same as the above, except the documents/emails in question are found at pp. 53-54 of said Exhibit 1. |
| October 20, 2020 letter, Ex 3, Complaint, paras. 28-32 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted.  It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, para.  35, lines 2-4; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted.  It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, para.  36, after "students" to end of para.; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted.  It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, Ex 3, Complaint, paras. 39-40 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, para. 41, from beginning of para. to before "Around"; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, paras. 42-115 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, paras. 120-125 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, para. 126, from beginning of para. to before "NJIT is a university"; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, Ex 3, Complaint, paras. 127-129 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, paras. 131-139 | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, paras. 141-162; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, para. 164; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex 3, Complaint, paras. 166-174; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, Ex 3, Complaint, para. 178; | Same as above. | Same as above. | Same as above. | Same as above. | This material is already redacted. It will be unsealed or not unsealed when the Court rules on the cross motion to unseal found at DKTS. 18 and 19 of the Second Action (Jorjani v. Deek, Case No. 20-cv-01422). |
| October 20, 2020 letter, Ex. 4, Saiber Report in its entirety; | Same as above. | Same as above. | Same as above. | Same as above. | Please see Kelly Affidavit sworn March 22, 2021, for why Defendants' substantive arguments are error, especially as to the privacy interest being Jorjani's to hold or share |
| October 20, 2020 letter, Ex. 5, page 6, last para., line 11 after "discipline" through the end of the para. on page 7; | Same as above. | Same as above. | Same as above. | Same as above. | Plaintiff does not object, however, he does note that the Magistrate has already disclosed these facts in his Order dated January 12, 2021 at DKT. 60 with no action taken by Defendants. |
| October 20, 2020 letter, Ex. 5, page 9, objection and response no. 4, lines 4-6 in its entirety | Same as above. | Same as above. | Same as above. | Same as above. | Plaintiff does not object, however, he does note that the Magistrate has already disclosed these facts in his Order dated January 12, 2021 at DKT. 60 with no action taken by Defendants. |

| | | | | | |
|---|---|---|---|---|---|
| October 20, 2020 letter, Ex. 5, page 9, objection and response no. 5, lines 3-7 in its entirety. | Same as above. | Same as above. | Same as above. | Same as above. | Plaintiff does not object, however, he does note that the Magistrate has already disclosed these facts in his Order dated January 12, 2021 at DKT. 60 with no action taken by Defendants. |
| October 20, 2020 letter, Ex. 5, page 10, objection and response no. 5, lines 1-2 in its entirety. | Same as above. | Same as above. | Same as above. | Same as above. | Plaintiff does not object, however, he does note that the Magistrate has already disclosed these facts in his Order dated January 12, 2021 at DKT. 60 with no action taken by Defendants. |

Exhibit 3 to said Objection – DKT 62-4

| | | | | | |
|---|---|---|---|---|---|
| Page 3, 2nd bullet point, line 4, after "papers" until "Nor" on line 6; | The Agreed Discovery Confidentiality Order ("DCO"), dated October 11, 2019 (DE No. 35), specifically allows information to be kept confidential, and specifically prevents the parties from using confidential information in public filings without prior permission from the opposing party. This information was marked confidential pursuant to the DCO, and Plaintiff has used this information in a public filing without prior permission from Defendants in direct violation of the DCO. *See Declaration* of Marc D. Haefner ("Haefner Decl.") ¶3, 5. | Defendants have a continuing interest to ensure that its confidential, non-public information remains undisclosed. If the relief is not granted, it would render the Court's prior Order nugatory, would contravene each parties' expectation under the DCO that | There is no less restrictive alternative other than permanently sealing portions of the above-listed document. This is the least restrictive alternative available to protect the nonpublic highly confidential information contained in the document. *See* Haefner Decl. ¶8.  Additionally, a redacted version of the document | None. | This is once again the email from Defendant Deek, dated November 30, 2016 found at p. 3 of Exhibit 1 to the Kelly Affidavit sworn May 28, 2020.  The arguments advanced above apply here. |

| | | | | | |
|---|---|---|---|---|---|
| | Secondarily, this information contains confidential decision-making discussions regarding certain personnel, and disclosure of such information would hinder NJIT's ability to operate efficiently and would discourage NJIT's candid evaluation of personnel. *See* Haefner Decl. ¶4.<br><br>Further, these allegations contain information gleaned from NJIT's privilege log. Maintaining the sanctity of the attorney-client privilege outweighs any interest the public might have in discovering the information. *See* Haefner Decl. ¶3. | information marked confidential would remain confidential, and would hinder the Court's ability to demand compliance with its Order. *See* Haefner Decl. ¶5. | consistent with this index will be filed on the docket by Defendants in their cross motion. *Id* | | |
| Page 5, 1st bullet point, lines 12 until "Thus" on page 6, line 2 | Same as above. | Same as above. | Same as above. | Same as above. | Same as above, except that the document/email in question is from a third party (another professor) to Professor Katz dated March 13, 2017 and is found at p. 28 of said Exhibit 1. |
| Page 5, footnote 2 in its entirety. | Same as above. | Same as above. | Same as above. | Same as above. | If the information has been "gleaned" from Defendant's own Privilege Log, then Defense Counsel has not done enough to keep such information privileged and has no one to blame but himself. Further, please see the Kelly Affidavit sworn March 22, 2021 for why such information manifestly fails to meet the standards for the DCO. |