**WALSH**
PIZZI
O'REILLY
FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
MHaefner@walsh.law

August 6, 2021

<u>**VIA ECF**</u>
The Honorable Jessica A. Allen, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   **Jason Jorjani v. New Jersey Institute of Technology, et al.,**
>        **Civil Action No. 2:18-cv-11693 (WJM-JSA)**
>        **Civil Action No. 2:20-cv-1422 (WJM-JSA)**

Dear Judge Allen:

This office represents Defendants in the above matter. We write to address a discovery

dispute that has arisen between the parties.

By way of background, the parties first engaged in written discovery, by exchanging

written discovery requests and responses, in late 2019. Multiple discovery disputes arose at that

time, including with respect to three of Defendants' Requests for Production and Plaintiff's

objections thereto. Specifically, Defendants' Request for Production Number 33 read as follows:

> 33. Any and all documents containing any of the following words:
> dindu, nigger, negro, colored, kike, heb, hebe, yid, wop, pollack,
> pollak, "our special friend," Hitler, Nazi, or Nazism.

Plaintiff's objection read, in part:

> Plaintiff is a philosopher who holds hundreds, if not thousands, of
> tomes, containing millions and millions of words. He is not about
> to comb through same to discovery [sic] every instance of any of the
> above words . . . Pursuant to FRCP 34(b)(2)(C), Plaintiff represents
> that he is probably withholding materials responsive to this demand

The Honorable Jessica A. Allen
August 6, 2021
Page 2

> (as is every half stocked library in the country), but cannot be expected to categorize same.

Numbers 34 and 35 of Defendants' Requests for Production read as follows:

> 34. Any and all documents relating to Plaintiff's Facebook account.

> 35. Any and all documents relating to Plaintiff's LinkedIn account.

Plaintiff's responses to Numbers 34 and 35 were identical:

> Objections on the ground of relevancy, as above. Pursuant to FRCP 34(b)(2)(C), Plaintiff represents that he is withholding materials responsive to this demand.

Over the next eight months, the parties engaged in several meet and confers and several conferences with Judge Falk regarding these three Requests for Production, among other issues. Though Defendants agreed to limit the scope of Request Numbers 34 and 35 to just *communications* on Plaintiff's Facebook and LinkedIn accounts, Plaintiff continued to object to Defendants' requests without providing further information. On September 9, 2020, Judge Falk ordered the parties to submit formal briefing regarding all outstanding discovery disputes, including the dispute on Plaintiff's Reponses to Requests for Production Numbers 33 through 35. In the formal motion papers, Plaintiff once again opposed the more limited requests on their merits arguing they were overbroad and burdensome and irrelevant.

On January 12, 2021, the Court ordered that Plaintiff provide a full response to Request Number 33. As to Numbers 34 and 35, the Court ordered that Plaintiff produce all communications on Facebook or LinkedIn that either contain the derogatory terms identified in Request Number 33 or relate to Plaintiff's employment at NJIT.[1]

---

[1] The Order also instructed Defendants to provide certain, limited materials in response to certain of Plaintiff's requests. Defendants have complied with those instructions.

The Honorable Jessica A. Allen
August 6, 2021
Page 3

As other motions and appeals on the scope of the attorney-client privilege were pending over the next several months, the parties did not address the Court's January 12, 2021 Order for some time. Eventually, the parties agreed to simultaneously exchange the materials Ordered by the Court on July 20, 2021. On the scheduled date, Plaintiff produced a two-page document that stated for each of the three Requests at issue, *"Plaintiff has no such documents that are responsive to this demand."* *See* Exhibit A, July 20, 2021 Response (emphasis added).

Plaintiff's responses that he has no responsive documents is quite concerning and raises serious issues as to whether Plaintiff has in fact satisfied his discovery and preservation obligations. First, and most disturbingly, Plaintiff's previous explicit unambiguous responses that he was in fact withholding responsive documents cannot be squared with these responses where he now says he currently has no such documents. Further, this explicit statement was implicitly repeated in Plaintiff's substantive response to the formal motion to compel. Plaintiff's about-face raises the serious question as to what happened to the withheld documents that according to Plaintiff no longer exist?

Second, if despite his explicit and implicit representations to the contrary, he had no such documents at the time of his initial responses or his opposition to the motion to compel then he served a false discovery response, a meritless opposition to the motion, or both. These things have resulted in time-consuming and expensive motion practice. In fact, counsel for Plaintiff is certainly well-aware of FRCP 34(b)(2)(C), which requires an objection to a request for production to "state whether any responsive materials are being withheld on the basis of that objection." If Plaintiff had no responsive documents at the time of his original requests or in response to the more limited requests, he was obligated to so state.

The Honorable Jessica A. Allen
August 6, 2021
Page 4

   To that end, Defendants now seek to take Plaintiff's deposition on the limited issue of his preservation and response efforts with respect to these three document requests. Defendants wrote to Plaintiff on July 26, 2021 requesting that Plaintiff submit to such deposition. *See* Exhibit B, July 26, 2021 Letter to Plaintiff's Counsel. Counsel responded on July 30, 2021 asserting that Defendants position was "patently without merit," and refusing to produce Plaintiff for a limited deposition at this time. *See* Exhibit C, July 30, 2021 Letter from Plaintiff's Counsel.

   Defendants respectfully submit that requiring Plaintiff to submit to a limited deposition at this time to explain his contradictory discovery responses, the efforts he undertook to make a diligent search for responsive documents, and the steps he took to preserve such documents is warranted and is the most expeditious way to put an end to the gamesmanship and to get the facts as to what happened to the withheld documents.[2] Written and document discovery has gone on for too long in this matter, Defendants would like to bring this stage of the case to an end, rather than waiting for more obtuse written answers from Plaintiff. Defendants will be prepared to conduct this limited deposition of Plaintiff by next week.

   We thank the Court for its attention to this matter.

           Respectfully submitted,

           */s/ Marc D. Haefner*

           Marc D. Haefner

cc: All counsel of record (via ECF)

---

[2] To be clear, Defendants are proposing a short deposition of Plaintiff to ask questions regarding these particular discovery responses and that the deposition of Plaintiff on the merits of his claims would proceed after written and document discovery is brought to a full and final conclusion.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
---------------------------------------------------------X

JASON JORJANI,

                Plaintiff,

-vs-

NEW JERSEY INSTITUTE OF TECHNOLOGY,
et al.

                Defendants.
---------------------------------------------------------X

Civil Action No. 2:18-cv-11693

**AMENDED PLAINTIFF RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION DATED OCTOBER 7, 2019**

Plaintiff submits the following disclosures in response to Defendants' collective demand for production dated October 7, 2019 and Magistrate Falk's Opinion dated January 12, 2021:

33.      Any and all documents containing any of the following words: dindu, nigger, negro, colored, kike, heb, hebe, yid, wop, pollack, pollak, "our special friend," Hitler, Nazi, or Nazism.

    a.    Plaintiff has no such documents that are responsive to this demand.

34.      Any and all documents from Plaintiff's Facebook account relating to his employment:

    a.    Plaintiff has no such documents that are responsive to this demand.

35.      Any and all documents from Plaintiff's LinkedIn account relating to his employment:

a       Plaintiff has no such documents that are responsive to this demand.

Dated: Goshen, New York          Yours, etc.
      July 20, 2021


                    /s/Frederick C. Kelly
                    Frederick C. Kelly, Esq.
                    *Attorney for Plaintiff*
                    One West Main Street
                    Goshen, NY 10924
                    (845) 294-7945
                    fckellylaw@gmail.com
                    *Pro Hac Vice*

To:      Walsh Pizzi O'Reilly Falanga LLP
        *Attorney for All Defendants*
        Three Gateway Center
        100 Mulberry Street, 15th Floor
        Newark, NJ 07102
        P: 973.757.1100
        F: 973.757.1090

# EXHIBIT B



**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
MHaefner@walsh.law

July 26, 2021

**VIA EMAIL**

Joseph J. Haspel, Esq.                Frederick C. Kelly, Esq.
1 W. Main Street                      One Harriman Square
Goshen, NY 10924                      Goshen, NY 10924

> **Re:**   **Jorjani v. New Jersey Institute of Technology, et al.,**
> **Docket No. 2:18-cv-11693**

Dear Mr. Haspel & Mr. Kelly:

We are in receipt of Plaintiff's July 20, 2021 Amended Plaintiff Responses to Defendant's Requests for Production 33, 34, and 35 dated October 7, 2019.  Initially, it is difficult to believe that Plaintiff would engage in such a prolonged dispute over these three inquiries, if there were never any responsive documents.  Defendants can envision multiple scenarios regarding what happened to the responsive documents or what otherwise led Plaintiff to provide these amended responses, which contradict earlier responses to these requests and Plaintiff's arguments in Court.

To that end, Defendants would like to immediately take a deposition of Plaintiff, limited to topics such as his contradictory discovery responses, the efforts he took to make a diligent search for responsive documents, and the steps he took to preserve documents.  Such deposition would be without prejudice to deposing Plaintiff again, for the full seven hours permitted by the Federal Rules of Civil Procedure, on the substance of this case.  It is Defendants' position that Plaintiff's deposition on the merits may not occur until this issue is resolved.

Please advise when Plaintiff is available for this deposition.  If you will not agree to produce Plaintiff for such deposition, please advise by July 28, 2021, so that we may write to the Court regarding this matter.

Very truly yours,

*/s/ Marc D. Haefner*

Marc D. Haefner

Mr. Joseph Haspel
Mr. Frederick Kelly
July 26, 2021
Page 2


cc:      Tricia B. O'Reilly
        Kristin Spallanzani

# EXHIBIT C

# *Frederick C. Kelly*

*Attorney at Law*
*One Harriman Square*
*Goshen, New York*
*845 294-7945 ◆ Fax 845 294-7889*
*fckellylaw@protonmail.com*
*Service by electronic means is not accepted.*


Walsh Pizzi O'Reilly Falanga, LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Attn: Kristin Spallanznia, Esq.


July 30, 2021          *Via Email as PDF*


Dear Ms. Spallanzani:

This letter responds to your colleague's complaint of July 26, 2021.

Your law firm's position is patently without merit.

We propose to depose all named parties from September 7–17th.  Kindly provide your thoughts on the matter.

I thank you for your time and attention herein, and remain

Very truly yours,


/s/
Frederick C. Kelly, Esq.


Page 1 of  1