<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JASON JORJANI,**          **Plaintiff,**      v.  **NEW JERSEY INSTITUTE OF TECHNOLOGY, et al.,**          **Defendants.** | **Civil Action Nos.  18-11693 (WJM)**                          **20-1422 (WJM)**  **(CONSOLIDATED)**  **OPINION** |

<u>**JESSICA S. ALLEN, U.S.M.J.**</u>

**I.      INTRODUCTION**

This matter comes before the Court by way of Plaintiff Jason Jorjani's ("Plaintiff") appeal (ECF No. 62), of the Order issued by the Honorable Mark Falk, U.S.M.J., on January 11, 2021 ("Judge Falk's Order") (ECF No. 59), as well as by the Opinion and Order of the Honorable William J. Martini, U.S.D.J., issued on May 26, 2021 and June 1, 2021, respectively (ECF Nos. 66 & 67).  Judge Falk's Order denied Plaintiff's application to compel Defendants to produce nine documents withheld on the basis of the attorney-client privilege. (ECF No. 59).[1] Plaintiff filed an appeal.  Judge Martini granted in part and denied in part Plaintiff's appeal and affirmed in part and reversed in part Judge Falk's Order, instructing the Magistrate Judge to examine the nine specific documents identified on Defendants' privilege log as entry numbers

---

[1] Plaintiff also appealed other rulings contained in Judge Falk's Order.  (*See* ECF No. 62).  However, they do not involve the nine documents that Judge Martini directed this Court to examine and determine whether Defendants properly withheld these documents based on the attorney-client privilege.  As such, this Court's *in camera* review and determination are limited to the nine documents consistent with Judge Martini's directive.

19, 20, 21, 23, 24, 37, 38, 39, and 40 (sometimes collectively "the Nine Documents") to determine whether these documents are privileged. (ECF No. 66 at 4 & 6 and ECF No. 67).

Defendants provided this Court with copies of the Nine Documents at issue for an *in camera* review. The Court has completed its document-by-document *in camera* review. For the reasons set forth herein, the Court finds that each of the Nine Documents are protected from disclosure based on the attorney-client privilege, and thus Defendants' claims of attorney-client privilege are proper as to each of the Nine Documents.

## II.  BACKGROUND

This case arises from Defendants' non-renewal of Plaintiff's contract as a philosophy lecturer at Defendant New Jersey Institute of Technology ("NJIT"). In essence, Plaintiff alleges that NJIT and certain members of its administration, including defendants, engaged in a conspiracy to violate Plaintiff's First Amendment rights because they disapproved of his political speech, views, and participation in certain political organizations. These consolidated actions have a lengthy history that is not repeated here. Prior court opinions and orders of both Judge Martini and Judge Falk provide a more detailed factual and procedural background. See, e.g., *Jorjani v. New Jersey Institute of Technology*, et al., Civ. No. 18-11693 (MF) (Opinion of 1/12/21, ECF No. 60); *Jorjani v. New Jersey Institute of Technology*, et al., Civ. No. 20-1422 (MF) (Opinion of 12/09/20, ECF No. 38); *Jorjani v. New Jersey Institute of Technology*, et al., Civ. No. 18-11693 (WJM) (Opinion of 3/12/19, ECF No. 14); *Jorjani v. New Jersey Institute of Technology*, et al., Civ. No. 18-11693 (WJM) (Opinion of 6/26/19, ECF No. 28). Since the Court writes only for the parties, the Court presumes the parties have familiarity with the facts and extensive procedural history. Therefore, a factual and procedural background section is omitted.

Relevant to this Court's review and examination of the Nine Documents, on September 9, 2020 Plaintiff sought to compel Defendants to produce discovery, which included the Nine Documents identified on Defendants' privilege log. (Pl. Ltr. Bf., ECF No. 62-2). Plaintiff claimed that Defendants failed to establish that these documents were privileged and/or have waived the privilege because Defendants did not provide a supporting affidavit for the privilege log. (Judge Falk 1/11/21 Order, ECF No. 58 and Pl. Ltr. Bf. at 5). Judge Falk rejected Plaintiff's arguments, finding that each of the Nine Documents were privileged, and thus protected from disclosure. (*Id.* at 12-15). Accordingly, Judge Falk denied Plaintiff's application to compel production of these documents, among others, the latter of which are beyond the scope of this Court's review and analysis. (*See* ECF No. 66 at 4).

On January 25, 2021, Plaintiff appealed Judge Falk's Order of January 11, 2021. (ECF No. 62). Plaintiff argued that Defendants' privilege log is insufficient because he is unable to determine whether the communications were made for the purpose of obtaining or giving legal advice. (*See* ECF No. 66 at 4). In the May 26, 2021 Opinion, Judge Martini explained that it was not immediately clear from the privilege log alone whether the "documents identified in rows 19, 20, 21, 23, 24 and 37 through 40 … [which] appear to be between only high-ranking members of NJIT's administration and not between, to, or from NJIT's attorneys, …" are privileged. (*Id.* (citing Privilege Log, ECF No. 62-2)). Judge Martini noted that if the Nine Documents were not "protected by the attorney-client privilege, Plaintiff is entitled to receive them in discovery pursuant to Federal Rule of Civil Procedure 26(b)(1)." (*Id.*) Judge Martini ruled that "[i]t is to this limited extent that the Court reverses Judge Falk's Order and refers the matter back to the Magistrate Judge for an examination of the documents identified in rows 19, 20, 21, 23, 24, and 37 through 40 to determine whether they are privileged material." (*Id.*)

3

On June 14, 2021, Defendants submitted a letter to the Undersigned, setting forth the basis for the assertion of the attorney-client privilege to withhold each of the Nine Documents. (Ds' 6/14/21 Ltr., ECF No. 68). As noted in their June 14, 2021 letter, Defendants separately submitted the Nine Documents to the undersigned for an *in camera* review, consistent with Judge Martini's instructions. (*Id.* at 2). Defendants also submitted the supporting Declaration of defense attorney Marc D. Haefner. (Haefner Decl., ECF No. 68-1). Attorney Haefner states that during written discovery, Defendants produced to Plaintiff the original non-privileged email sent to Professor Katz that sparked the chain of subsequent privileged emails (the Nine Documents). (*See id.* at ¶ 3). Plaintiff did not submit any response to Defendants' June 14, 2021 letter.

### III.   THE NINE DOCUMENTS AT ISSUE

1. *Document 19:* An email dated December 8, 2016, from Eric Katz, an NJIT Professor and Chair of the Humanities Department, to Kevin Belfield, Dean of NJIT's College of Liberal Arts and Sciences, with the subject line "Re: Inquiry regarding Prof. Jason Reza Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 5, ECF No. 68);

2. *Document 20:* An email dated December 8, 2016, from Dean Belfield to Professor Katz, with the subject line "Re: Inquiry regarding Prof. Jason Reza Jorjani." (*See* Privilege Log, ECF No. 62-2 and Ds' 6/14/21 Ltr at 5);

3. *Document 21:* An email dated December 8, 2016, from Provost Fadi Deek to Matthew Golden, NJIT's spokesperson and Director of Communications, with the subject line "Fwd: Inquiry regarding Prof. Jason Reza Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 5, ECF No. 68);

4. *Document 23:* An email dated December 8, 2016, from Mr. Golden to Provost Deek, with the subject line "Re: Inquiry regarding Prof. Jason Reza Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' Ltr of 6/14/21 at 5, ECF No. 68);

5. *Document 24:* An email dated December 8, 2016, from Provost Deek to Mr. Golden, with the subject line "Re: Inquiry regarding Prof. Jason Reza Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 5, ECF No. 68);

6. *Document 37:* An email dated December 9, 2016, from Dean Belfield to Professor Katz, with the subject line "Re: More questions re Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 6, ECF No. 68);

7. *Document 38:* An email dated December 9, 2016, from Professor Katz to Dean Belfield, with the subject line "Re: More questions re Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 6, ECF No. 68);

8. *Document 39:* An email dated December 9, 2016, from Professor Katz to Dean Belfield, with the subject line "Re: More questions re Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 6, ECF No. 68);

9. *Document 40:* An email dated December 9, 2016, from Dean Belfield to Professor Katz, with the subject line "Re: More questions re Jorjani." (*See* Privilege Log, ECF No. 62-2; Ds' 6/14/21 Ltr at 6, ECF No. 68).

IV. **DISCUSSION**

Here, the disputed communications (Nine Documents) involve internal corporate emails between defendant NJIT employees. The issue turns on whether each of the Nine Documents are protected by the attorney-client privilege. The attorney-client privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is

5

> a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979). In the context of a corporate client, the Third Circuit has emphasized that the Supreme Court has held that "communications between a corporation's counsel and the employees of the corporation are covered by the attorney-client privilege." *In re Grand Jury Investigation*, 445 F.3d 266, 273 (3d Cir. 2006) (citing *Upjohn Co.*, 449 U.S. at 397). Further, as one court in this District has noted, "the privilege has been held to apply to communications by a corporate employee concerning matters within the scope of his/her duties and that were purposefully made to enable an attorney to provide legal advice to the corporation." *Engage Healthcare Communs. v. Intellisphere*, Civ. No. 12-787 (FLW)(LHG), 2017 U.S. Dist. LEXIS 230825, at *8 (D.N.J. Sept. 12, 2017) (special master) (*citing Upjohn Co.*, 449 U.S. at 394). As such, "the privilege protects communications with those that must be consulted in order for a lawyer to provide legal advice – i.e., those that 'need to know' or have information necessary to assist the lawyer in providing legal advice.'" *Margulis v. Hertz. Corp.*, Civ. No. 14-1209 (JMV), 2017 U.S. Dist. LEXIS 28311, at *22 (D.N.J. Feb. 28, 2017) (internal citation omitted).

Relevant to the specific issues raised here, defense counsel has represented that Defendants produced to Plaintiff the original non-privileged email sent to Professor Katz that sparked the chain of subsequent privileged emails (the Nine Documents). (Haefner Decl. at ¶ 3, ECF No. 68-1). The non-privileged nature of the email sent to Professor Katz does not necessarily vitiate the application of the attorney-client privilege to subsequent and otherwise

independently privileged documents part of the same email chain. *See Engage Healthcare Communs.*, 2017 U.S. Dist. LEXIS 230825, at *9 (citing *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007) (internal citations omitted) (finding that corporate email communications received by attorney "that include a string of earlier email messages (i.e., email chains), including those email chains that forwarded prior non-privileged emails" to attorney are protected by attorney-client privilege). "'[T]he fact that non-privileged information was communicated to an attorney may be privileged, even if the underlying information remains unprotected." *Id.* (quoting *Muro*, 250 F.R.D. at 363).

  Further, some courts in the Third Circuit have found that an email communication may be protected by the privilege even if it does not expressly request legal advice. It is sufficient that "'the overall tenor of the document indicates that it is a request for legal advice or services.'" *Id.* at 9 (quoting *In Re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000) (citations omitted). *See In re Lincoln Nat'l Coi Litig.*, Civ. No. 16-6605, 2019 U.S. LEXIS 224986, *15-16 (E.D. Pa. Dec. 5, 2019). The context and purpose for which the emails were forwarded to legal counsel are relevant to the determination of whether each email is privileged. As other courts have found, when an individual email communication within an email chain either discusses, transmits, and/or reflects legal advice, the communication within the document is protected by the privilege. *See Engage Healthcare Communs.*, 2017 U.S. Dist. LEXIS 230825, at *10-11 (collecting cases). *See also In re Lincoln Nat'l Coi Litig.*, 2019 U.S. LEXIS 224986, at *15-17.

  With these general principles in mind, the Court assessed all Nine Documents submitted for an *in camera* review. As to each document, the Court finds as follows:

  <u>Document 19:</u> This is privileged as it contains a request for legal advice.

*Document 20:* This is privileged as it reflects discussions among non-attorney NJIT employees about a request for legal advice from counsel.

*Document 21:* This is privileged as it reflects discussions among non-attorney NJIT employees about a request for legal advice from counsel.

*Document 23:* This is privileged as it reflects discussions and matters among non-attorney NJIT employees about a request for legal advice from counsel.

*Document 24:* This is privileged as it reflects discussions and matters among non-attorney NJIT employees about a request for legal advice from counsel.

*Document 37:* This is privileged as it reflects discussions and a request among non-attorney NJIT employees to transmit legal advice given by counsel.

*Document 38:* This is privileged as it reflects discussions and a request among non-attorney NJIT employees to transmit legal advice given by counsel.

*Document 39:* This is privileged as it discusses and transmits the legal advice given by counsel.

*Document 40:* This is privileged as it reflects discussions and a request among non-attorney NJIT employees to transmit legal advice given by counsel.

V.   **CONCLUSION**

For the reasons set forth above, and consistent with Judge Martini's directive as set forth in Opinion and Order of May 26, 2021 and June 1, 2021, respectively, this Court finds that each of the Nine Documents is protected by the attorney-client privilege, and thus properly withheld. An appropriate form of order will be entered.

*s/Jessica S. Allen*
**JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated:  September 17, 2021