<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASON JORJANI,** | **Civil Action Nos.:   18-11693 (WJM)** |
| **Plaintiff,** | **20-1422 (WJM)** |
| **v.** | |
| | **(CONSOLIDATED)** |
| **NEW JERSEY INSTITUTE OF TECHNOLOGY, FADI P. DEEK,** *et al.,* | |
| | <u>**MEMORANDUM OPINION & ORDER**</u> |
| **Defendants.** | |

<u>**ALLEN, U.S.M.J.**</u>

Before the Court are Defendants' motion to seal and redact, (ECF No. 79), and Plaintiff's cross-motion to unseal (ECF No. 87).  Defendants seek to seal limited portions of briefs and exhibits filed in connection with a discovery motion and Plaintiff's subsequent objection and appeal of a prior discovery order[1] ("Plaintiff's Appeal") as well as portions of Plaintiff's Complaint filed in *Jorjani v. NJIT, et al.*, 20-1422 (WJM) (JSA) ("*Jorjani II*"). Plaintiff cross-moves to unseal these same materials and portions of the *Jorjani II* Complaint. The motions are decided without oral argument, pursuant to Fed. R. Civ. P. 78.

## I.   BACKGROUND

Both *Jorjani I* and *Jorjani II* have been the subject of several court opinions and orders.[2]

---

[1] Plaintiff's Appeal appears on the docket as ECF No. 62 in Civ. A. No. 18-11693 (WJM), which is hereby referred to as "*Jorjani I.*"

[2] *See, e.g., Jorjani v. NJIT*, 2021 WL 4237255 (D.N.J. Sept. 17, 2021); *Jorjani v. NJIT*, 2021 WL 82325 (D.N.J.

As such, the Court assumes the parties' familiarity with the underlying facts and background. The Court recites only those facts and background relevant to determining the instant motions.

Plaintiff filed *Jorjani I* on July 17, 2018, arising from Defendants' non-renewal of Plaintiff's contract as a philosophy lecturer at Defendant New Jersey Institute of Technology ("NJIT").   In essence, Plaintiff alleges that NJIT and certain members of its administration engaged in a conspiracy to violate Plaintiff's First Amendment rights because they disapproved of his political speech, views, and participation in certain political organizations.

Nearly two years later, on February 11, 2020, Plaintiff filed *Jorjani II*, citing the need to expand the allegations in *Jorjani I* and add additional defendants and claims.   The *Jorjani II* Complaint, filed in redacted form,[3] references discovery materials that Defendants designated as confidential under the parties' Discovery Confidentiality Order in *Jorjani I* ("Discovery Confidentiality Order").   (*See generally Jorjani II* Comp., ECF No. 1; *see also* Mtn to Seal at ECF No. 2).   Plaintiff simultaneously filed a motion to seal the *Jorjani II* Complaint, pursuant to Local Civil Rule 5.3(c), given the confidential designation of the materials referenced therein, but despite Plaintiff's objections to the confidential nature of such materials.[4]   (*See* ECF No. 2).

The parties' current dispute over sealing the materials at issue has been the subject of prior

Jan. 11, 2021); *Jorjani v. Deek*, 2020 WL 5422802 (D.N.J. Sept. 20, 2020); *Jorjani v. NJIT*, 2019 WL 2611128 (D.N.J. June 26, 2019); *Jorjani v. NJIT*, 2019 WL 1125594 (D.N.J. Mar. 12, 2019).

3 The *Jorjani II* Complaint appears on the docket in redacted form. (*See* Civ. A. No. 20-1442; ECF No. 1). The unredacted version of the Complaint appears at No. 20-1422; ECF No. 4, and was placed under seal pursuant to prior court orders.

4 On September 11, 2020, the Honorable William J. Martini, U.S.D.J. ordered *Jorjani I* and *Jorjani II* to be consolidated. (*See* Civ. A. No. 20-1422; ECF No. 33). On December 9, 2020, the Honorable Mark Falk, U.S.M.J. (Ret.) entered an Order consolidating *Jorjani I* and *Jorjani II* for all purposes under Civ. A. No. 18-11963, the earlier docket number.   (Civ A. No. 20-1422; ECF No. 38).

–2–

motions.   Judge Falk administratively terminated the motions pending resolution of various discovery disputes.   (*See Jorjani II,* ECF No. 32).   The parties thereafter re-filed their respective motion to seal and cross-motion to unseal. (*See Jorjani I*, ECF Nos. 65 & 71).   However, the Undersigned previously found that the prior motions did not comply with the requirements of Local Civil Rule 5.3 and thus denied the motions without prejudice.   (*Jorjani I,* ECF Nos. 69 & 78).   The Court granted Defendants another opportunity to file a renewed single, consolidated motion to seal, to include Plaintiff's objections, if any, to sealing, and state whether narrowly tailored redactions could safeguard any confidential materials.   (*See Jorjani I*, ECF No. 78).   The instant motions ensued.

Preliminarily, the Court notes that the parties' respective motions again do not comply with Local Civil Rule 5.3(c) or this Court's Orders.   (*Jorjani I,* ECF Nos. 69 & 78).   Rule 5.3(c)(3) requires that the moving party include an index, identifying any party or nonparty known to be objecting to sealing and include the bases for any such objection.   L. Civ. R. 5.3(c)(3).   Here, Defendants' index does not include each of Plaintiff's objections to seal but instead states that "Plaintiff's objection will be forthcoming pursuant to DE No. 78."   (*Jorjani I,* ECF No. 79-2 at Ex. A).   Plaintiff's motion to unseal contains Plaintiff's objections to sealing.   (*See Jorjani I,* ECF No. 87-3).   This is not proper under Rule 5.3(c).   Nonetheless, the Court will address the parties' respective motions on the merits to bring this protracted dispute to an end.

## II.   THE INSTANT MOTION TO SEAL & CROSS-MOTION TO UNSEAL

Defendants seek to seal limited portions of the parties' letter briefs and other documents attached as Plaintiff's exhibits submitted in connection with a prior discovery motion and Plaintiff's subsequent Appeal of Judge Falk's related discovery order.   Defendants claim these

materials pertain to a litany of confidential, non-public information.   According to Defendants, these materials comprise of (1) confidential email communications between NJIT's upper administrators regarding personnel issues – more pointedly about Plaintiff's employment with NJIT and the non-renewal of his employment; (2) Defendants' First Amended ESI Privilege Log dated July 28, 2020 ("Defendants' Privilege Log"); (3) written communications with counsel; (4) the Complaint[5] in *Jorjani II* that references information from Defendants' Privilege Log and other documents designated as confidential pursuant to the Discovery Confidentiality Order; (5) a February 9, 2018, Report of Factual Findings of Investigation prepared by Saiber, LLC, a New Jersey law firm, which was retained to investigate Plaintiff's alleged ethical violations (the "Saiber Report"); and (6) excerpts from Defendant NJIT's objections and responses to Plaintiff's interrogatories and document requests ("NJIT's Discovery Responses") (sometimes, collectively, "Subject Materials").   (Defs.' Br. at 4-5; Haefner Decl. & exhibits thereto; ECF No. 79). Defendants thus contend that the information should be sealed.   (*See* ECF No. 79-2; Columns 2 and 3).

In their Rule 5.3(c)(3) index, Defendants describe the voluminous Subject Materials to be sealed as follows:

1. **Objection to Magistrate's Order Pursuant to FRCP 72, dated January 25, 2021 (DE 62-1)**:[6]  Page 7, para 15(a) in its entirety;

2. **Exhibit 1 Filed in Support of Appeal Magistrate's Order Pursuant to FRCP 72,**

---

5  The Court notes that Plaintiff attached the *Jorjani II* Complaint as an exhibit to Plaintiff's Appeal.   (*See* ECF No. 62-3, Ex. 3).

6  Defendants' Index in support of their motion to seal ("Defendants' Index), attached as Exhibit A at ECF No. 79-2 includes the nature of the Subject Materials with reference to the prior motion to seal docket entries 62-1 through 62-4.   For consistency and to avoid confusion, the Court will reference docket entries 62-1 through 62-4 when analyzing the Subject Materials.

**dated January 25, 2021 (DE 62-2):**

(i) Page 6, block quote, in its entirety; (ii) Page 6, 1st line after block quote, after "thread" until "(emphasis) on line 2; (iii) Page 14, 1st para, line 4 after "agreement" through the end of the para; (iv) Page 14, last para., last line after "leanings" until "As for" on page 15, line 2; (v) Page 17, last para., line 3 after "Jorjani" until "At that" on line 4; (vi) Pages 18-20; paras., a through e in its entirety; (vii) Page 20, last para, line 6 after "or" until "let" on line 7; (viii) Page 21, block quote, in its entirety; (ix) Page 22, block quote in its entirety; (x) Page 25, first bullet point, line 1 after "released" until "The citation on line 5"; (xi) Page 25, 4th bullet point, line 2 after "violation" until "No" on line 6; and (xii) Defendants' Privilege Log, all columns and rows in its entirety with the exception of the title and heading.

3. **Exhibit 2 Filed in Support of Appeal Magistrate's Order Pursuant to FRCP 72, dated January 25, 2021 (DE 62-3):**

(i) October 20, 2020 letter, page 4, last para. in its entirety ending on page 5; (ii) October 20, 2020 letter, page 5, last para. in its entirety ending on page 6; (iii) October 20, 2020 letter, page 6, 2nd para. in its entirety; (iv) October 20, 2020 letter, page 6, last para. in its entirety ending on page 7; (v) October 20, 2020 letter, page 7, last para. in its entirety ending on page 8; (vi) October 20, 2020 letter at Ex. 1, redact in its entirety; (vii) October 20, 2020 letter at Ex. 2, redact in its entirety; (viii) October 20, 2020 letter at Ex. 3, Complaint, paras. 28-32; (ix) October 20, 2020 letter at Ex. 3, Complaint, para. 35, lines 2-4 (x) October 20, 2020 letter at Ex. 3, Complaint, para. 36, after "students" to end of para.; (xi) October 20, 2020 letter at Ex. 3, Complaint, paras. 39-40; (xii) October 20, 2020 letter at Ex. 3, Complaint, para. 41, from beginning of para. to before "Around"; (xiii) October 20, 2020 letter at Ex. 3, Complaint, paras. 42-115; (xiv) October 20, 2020 letter at Ex. 3, Complaint, paras. 120-125; (xv) October 20, 2020 letter at Ex. 3, Complaint, para. 126, from beginning of para. to before "NJIT is a university"; (xvi) October 20, 2020 letter, Ex 3, Complaint, paras. 127-129; (xvii) October 20, 2020 letter, Ex 3, Complaint, paras. 131-139; (xviii) October 20, 2020 letter, Ex 3, Complaint, paras. 141-162; (xix) October 20, 2020 letter, Ex 3, Complaint, para. 164; (xx) October 20, 2020 letter, Ex 3, Complaint, paras. 166-174; (xxi) October 20, 2020 letter, Ex 3, Complaint, para. 178; (xxii) October 20, 2020 letter, Ex. 4, Saiber Report in its entirety; (xxiii) October 20, 2020 letter at Ex. 5, NJIT's Discovery Responses, page 6, last para., line 11 after "discipline" through the end of the para. on page 7; (xxiv) October 20, 2020 letter at Ex. 5, NJIT's Discovery Responses page 9, objection and response no. 4, lines 4-6 in its entirety; (xxv) October 20, 2020 letter at Ex. 5, NJIT's Discovery Responses, page 9, objection and response no. 5, lines 3-7 in its entirety; and (xxvi), October 20, 2020 letter at Ex. 5, NJIT's Discovery Responses, page 10, objection and response no. 5, lines 1-2 in its entirety.

4. **Exhibit 3 Filed in Support of Appeal Magistrate's Order Pursuant to FRCP 72, dated January 25, 2021 (DE 62-4):**

(i) Page 3, 2nd bullet point, line 4, after "papers" until "Nor" on line 6; (ii) Page 5, 1st bullet point, lines 12 until "Thus" on page 6, line 2; and (iii) Page 5, footnote 2 in its entirety.

(See ECF No. 79-2, Ex. A, & Declaration of Marc Haefner ¶ 2).   As best can be gleaned from Plaintiff's objections to sealing the Subject Materials, it appears Plaintiff does not object to the proposed redactions in NJIT's Discovery Responses (Exhibit 5) above.   (*See* ECF No. 87-3 at 10-11).

Rather, in opposition to Defendants' motion to seal and in support of his cross-motion to unseal, Plaintiff contends that the Subject Materials are not confidential in nature.   (ECF No. 87-1 at 2-3).   Plaintiff continues that he objected to Defendants' confidentiality objections during discovery and that Defendants failed to timely respond, which under the terms of the Discovery Confidentiality Order resulted in a waiver of the confidentiality designation.   (*See* ECF Nos. 87-1 at 1, 87-3; Column 6).

On October 17, 2019, the Court entered the Discovery Confidentiality Order, which provides, in relevant part:

> Any part to this litigation … shall have the right to designate as 'Confidential' and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

Discovery Confidentiality Order at ¶ 1.

With respect to challenging a confidential designation, the Discovery Confidentiality Order further provides in relevant part:

> (a) Counsel for the objecting party shall serve on the designating party or third

party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. (b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

*Id.* at ¶¶ 8-9.

As detailed below, the Court addresses Plaintiff's challenge to the confidential designation of the Subject Materials along with the parties' respective motions.

## III.  <u>LEGAL STANDARD</u>

The common law right of public access to judicial proceedings and records is well settled. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).   As it relates to the instant motions, the right of public access attaches to pleadings, which includes complaints.  *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 162 n.8 (3d Cir. 1993) (citing *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569, 1571 (11th Cir. 1985)).   However, the Third Circuit has recognized a limited exception to this right of access to judicial records in connection with discovery materials filed in support of discovery motions. *See Leucadia, Inc.*, 998 F.2d at 165 (holding "there is a presumptive right to public access to all material filed in connection with

nondiscovery pretrial motions, … but no such right as to discovery motions and their supporting documents."); *see also City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2016 U.S. Dist. LEXIS 5856, at *3 (D.N.J. Jan. 19, 2016).

On the other hand, with respect to the presumptive right of access to judicial records, "when a moving party seeks an order sealing court records, it must demonstrate that 'good cause' exists to overcome the presumption in favor of public access." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2016 U.S. Dist. LEXIS 47798, at *4 (D.N.J. Aug. 29, 2017) (citing *Securimetrics, Inc. v. Iridian Techs., Inc.* Civ. No. 03-4394, 2006 U.S. Dist. LEXIS 22297 (D.N.J. Mar. 30, 2006)).  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The "good cause" standard requires a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *City of Sterling Heights Gen. Employees' Ret. Sys.*, 2016 U.S. Dist. LEXIS 47798, at *4 (quoting *Pansy*, 23 F.3d at 786).  "This standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *Id.*

Local Civil Rule 5.3(c) requires the reviewing Court to consider the following factors:

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private or public interest which warrant the relief sought.
(c) the clearly defined and serious injury that would result if the relief sought is not granted; [and][7]
(d) why a less restrictive alternative to the relief sought is not available;

L. Civ. R. 5.3(c)(3).

---

[7] Courts routinely consider the second and third factors together: "the legitimate private or public interest which warrant the relief sought" and "the clearly defined and serious injury that would result if the relief sought is not granted." L. Civ. R. 5.3(c)(3)(b)&(c).  *See, e.g., In re Lamictal Direct Purchaser Antitrust Litig.*, Civ. No. 12-995, 2021 U.S. Dist. LEXIS 89155, at * 5 (D.N.J. Apr. 29, 2021); *China Falcon Flying Ltd.*, 2016 U.S. Dist. LEXIS 47798, at *6.

Although Defendants filed their motion to seal, pursuant to Rule 5.3(c), Plaintiff, in the first instance, challenges the confidential designation of the Subject Materials under the parties' Discovery Confidentiality Order.[8]   Subsection (b)(5) of Rule 5.3 provides that "[a]ny dispute regarding the entry of an order, or the confidentiality of discovery materials under any order, under this section shall be brought before a magistrate judge pursuant to L. Civ. R. 37.1(a)(1)."

As such, in reading together subsections (b) and (c) of Local Civil Rule 5.3, this Court further finds that, while there may be no presumptive right of access to the Subject Materials (except for the *Jorjani II* Complaint), once Plaintiff challenged the confidential designation of such materials under the Discovery Confidentiality Order, the parties were required to raise the unresolved dispute with the Court. Further, as Defendants seek to maintain the confidentiality of the Subject Materials and seal them, they bear the burden of showing good cause exists to warrant confidentiality and to seal these materials under Rule 5.3(b) and (c).   *See Zavala v. Wal-Mart Corp.*, Civ. No. 03-5309, 2007 U.S Dist. LEXIS 67282, at * 19 (D.N.J. Sept. 12, 2007).

With the aforementioned standards in mind, the Court turns to the parties' respective motions.

## IV.    <u>DISCUSSION</u>

Here, consistent with the Third Circuit's principles in *Leucadia*, the Court finds that with the exception of the *Jorjani II* Complaint, which is a judicial record, there is no public right of access to the other Subject Materials, which are or refer to discovery materials filed in connection with a discovery motion and attached to Plaintiff's Appeal of Judge Falk's discovery order.   *See*

---

[8] Although Plaintiff claims Defendants have waived their right to respond to his challenge, it is unclear based on the present record whether Defendants failed to timely respond to the challenge.   Accordingly, the Court will address Plaintiff's challenge on the merits.

*Leucadia, Inc.*, 998 F.2d at 162 n.8 (3d Cir. 1993).   As noted previously herein, Defendants provide detailed descriptions of the Subject Materials and state that these materials were produced in discovery under the Discovery Confidentiality Order.   However, the mere fact that a document, or a portion of a document, was designed as confidential, and thereafter produced pursuant to the Discovery Confidentiality Order, does not relieve the party seeking confidential status from meeting its burden of justifying the designation.   *See Miller v. Rodriguez*, 2018 U.S. Dist. LEXIS 206045, at *9 (D.N.J. Dec. 6, 2018).   Accordingly, before determining whether Defendants have satisfied the Rule 5.3(c) factors, the Court must consider whether Defendants have shown good cause for the confidential designations of the Subject Materials.

### A.  Information About Nonparties

After careful review of the Subject Materials, the Court finds that the following specific portions of the Subject Materials contain confidential and sensitive information about nonparties, their employment, and their alleged activities:

> **ECF No. 62-2:** (i) Pages 18-20; paras., a through e in its entirety; and (ii) Page 25, fourth bullet point, second and third sentences beginning with the word "Indeed" and ending with the word "offense";

> **ECF No. 62-3** (iii) October 20, 2020 Letter, Ex. 5, NJIT's Discovery Responses ("Ex. 5"), page 6, last para., line 11 after "discipline" through the end of the para., on page 7; (iv) Ex. 5, page 9, objection and response no. 4, lines 4-6 in its entirety; (v) Ex., 5, page 9, objection and response no. 5, lines 3-7 in its entirety; (vi) Ex. 5, page 10, objection and response no. 5, lines 1-2 in its entirety.   ("Confidential Nonparty Information").

As such, the Court finds that the Confidential Nonparty Information was properly designated as confidential under the Discovery Confidentiality Order.   Public disclosure would likely threaten the privacy interests of such nonparties, exposing them to potential embarrassment and harm to their reputation.   *See McCowan v. City of Philadelphia*, Civ. No. 19-3326, 2021 U.S.

–10–

Dist. LEXIS 60489, at *13-14 (E.D. Pa. Mar. 30, 2021). Thus, redaction of the foregoing narrowly tailored portions of the materials containing personal and sensitive information about nonparties' employment and activities will protect these individuals against having such information disclosed to the public.   Further, Plaintiff does not appear to oppose sealing this information.   Accordingly, the Court finds that Defendants have satisfied their burden of maintaining the "Confidential" designation of these materials and have met all factors under Rule 5.3(c) to warrant sealing. Accordingly, the Court grants this portion of Defendants' motion to seal.

### B.  The Saiber Report

The Court reaches a similar conclusion with respect to Defendants' request to seal the Saiber Report.   Defendants submit that it is a confidential report detailing an outside firm's investigation and findings concerning Plaintiff's alleged unethical outside activities.   (Defs.' Br. at 5 n. 2; ECF No. 79-1).   Defendants further assert they have a legitimate private interest in the confidential report and that public disclosure and references to its detailed content would result in harm in the form of "damaged business relationships" and potentially chill the willingness of NJIT personnel to engage in future investigations.   (Declaration of Marc Hafner, Esq., ¶¶ 9-10; ECF No. 79-1).

In opposition, Plaintiff contends that the Saiber Report should not be sealed.   According to Plaintiff, he has an "executive summary" of the Report that he maintains is not confidential and was provided to him prior to the litigation being filed. (*See* ECF No. 87-1 at 10-11).   The Court disagrees.

The mere fact that Defendants produced an "executive summary" of the Report to Plaintiff does not automatically render the report nonconfidential. Rather, the Court must determine if

Defendants have proffered a sufficient showing to warrant the confidential designation.

To that end, based on the Court's careful review of the Saiber Report, the Court finds that it is confidential in nature in that it was prepared following a confidential investigation into Plaintiff's outside activities and associations. The Court further finds there are legitimate private and public interests in maintaining the confidentiality of NJIT's investigatory process. *See McCowan*, 2021 U.S. Dist. LEXIS 60489, at *16. *See also Curley v. Monmouth Cty. Bd. of Chosen Freeholders*, 2018 WL 3574880, at *17 (D.N.J. July 25, 2018). "[A] motion to seal is [often] granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information." *Id.* (citing *CDK Global LLC v. Tulley Auto Grp., Inc.*, Civ. No. 15-3103, at * 4 (D.N.J. Mar. 3, 2017). As Defendants note, public disclosure of the Saiber Report, which contains the interview summaries and statements of nonparties provided under the auspices of confidentiality could chill future witnesses and complainants from participating in the investigatory process. Moreover, Defendants' concerns about NJIT personnel sharing such information, if disclosed to the public, is a legitimate basis for sealing. Finally, as to the last factor, the Court finds that there is no less restrictive alternative to sealing. Accordingly, the Court finds that Defendants have satisfied their burden of maintaining the "Confidential" designation of the Saiber Report and have met all factors under Rule 5.3(c) to warrant sealing. Accordingly, the Court grants this portion of Defendants' motion to seal and correspondingly denies that portion of Plaintiff's cross-motion to unseal.

### C. Defendants' Privilege Log

With respect to Defendants' Privilege Log, Defendants contend that privilege logs are inadmissible, and thus this serves as a basis for sealing. It does not. Whether a document is

admissible is irrelevant to the factors a reviewing court must consider for sealing, let alone to warrant confidentiality.   Further, the Court rejects Defendants' contention that sealing is necessary to preserve the sanctity of the attorney-client privilege merely because Plaintiff's counsel speculates about the content of privileged communications based on the privilege log descriptions.   (ECF No. 79-2; ECF No. 79-1 at 7).   A review of Defendants' Privilege Log entries confirms that they neither contain any confidential information nor reveal any privileged communications.

As to the Rule 5.3(c) factors, a privilege log that does not reveal the substance of privileged communication does not generally qualify for sealing.   *See Novo Nordisk v. Sanofi-Aventis*, 2008 WL 323611, at *2 (D.N.J. Feb. 4, 2008) (Hughes J.) (denying motion to seal privilege logs, finding, "Defendants have made the required showing for all of the Documents to be sealed pursuant to L. Civ. R. 5.3(c) *except* (1) Pages 52 and 64–67 of Sanofi's Privilege Log, which the Court finds is a privilege log that lists various documents Defendants believe contained privilege information, but finding that the log itself does not reveal the substance of any of the privileged communications and therefore should not be sealed.").   It cannot be disputed that Defendants have a legitimate private interest in protecting otherwise attorney-client privileged communications and the clearly defined injury that would result should such privileged communications be disclosed for public consumption.   However, the Court finds that the privilege log descriptions do not reveal the substance of any such privileged communications, and thus there is no risk of possible disclosure of Defendants' attorney-client privileged communications.   Indeed, Defendants reference various unredacted log entries in their brief in connection with the parties' discovery disputes regarding the privilege log.   (*See* ECF No. 62-3 at 25-28).   For the same reasons, the Court finds that

redaction of ECF No. 62-4: Page 5, footnote 2, in its entirety is not warranted.

Accordingly, the Court finds that Defendants have not satisfied their burden of maintaining the "Confidential" designation of these materials or met all factors under Rule 5.3(c) to warrant sealing, and thus the Court denies this portion of Defendants' motion to seal and correspondingly grants that portion of Plaintiff's cross-motion to unseal.

### D. Communications Related to Plaintiff's Employment And Outside Activities

With respect to the balance of the Subject Materials, they pertain to email communications about Plaintiff's employment and outside activities, many of which are communications between Plaintiff and other NJIT employees or between NJIT employees and non-employees.[9] The Court has carefully reviewed these communications.   Defendants do not state that these communications are contained in Plaintiff's personnel file or were received in confidence from third parties. Rather, the emails and related communications concern Plaintiff's outside activities and associations, his employment, and upper management's decision to not renew his contract.   As such, this Court finds that these communications do not contain any confidential personnel or private business information.   The Court finds that Defendants have not provided any specific support in favor of confidentiality, and thus have not established good cause to maintain their confidential designation.

As to sealing, Defendants claim they have a private interest in protecting confidential and "non-public, sensitive business information of NJIT" and "statements about personnel issues."

---

9 Defendants also apparently seek to seal stray references to a collective bargaining agreement.   (*See* ECF No. 62-2 at 17 - second to last and last line).   It is unclear how this passing reference is confidential in nature or how Defendants have a private interest here that warrants sealing in the context of this case.   Further, Defendants do not articulate the clearly defined and serious injury that would result if reference to this document is not redacted.   In short, the Court finds Defendants have not met the Rule 5.3(c) factors, and thus this part of their motion to seal is denied.

(Haefner Decl. at ¶¶ 5-6).   Defendants add that a "substantial public interest" exists "in ensuring that both information relating to NJIT's attorney-client privileged discussions and non-public information relating to NJIT's privileged business information remain confidential." (*Id.* at ¶ 10). As to the clearly defined injury, Defendants submit that NJIT "could suffer" "damage to business relationships, and/or other irreparable harm" if the Subject Materials be made public.   (*Id.* at ¶ 9). Defendants continue that disclosure of such information would have a chilling effect on NJIT administrators' ability to provide frank and candid performance evaluations and employment-based decisions.   (*See* Defendants' Index In Support of Motion to Seal at 1-5).

The Court is not persuaded that denying this portion of Defendants' motion to seal will result in a chilling effect on an administrator's willingness and ability to provide candid performance evaluations and employment decisions, especially when employment decisions are part of their job duties.   Further, as this Court previously found, the communications are not part of Plaintiff's personnel file and were not received in confidence from third parties.   Accordingly, the Court finds that Defendants have not satisfied their burden of maintaining the confidential designation of these communications and have not met all factors under Rule 5.3(c) to warrant sealing, and thus the Court denies this portion of Defendants' motion to seal and correspondingly grants that portion of Plaintiff's cross-motion to unseal.

### E.  Limited Portions of the *Jorjani II* Complaint

Not only is there a presumptive right of access to the *Jorjani II* Complaint, but a review of Defendants' proposed redactions demonstrate that they pertain to the same communications that the Court has already determined in the previous section should not be sealed.   Indeed, in the *Jorjani II* Complaint, Plaintiff refers to many of the same email communications (that are part of

the Subject Materials) in support of his allegations.   (*See generally Jorjani II* Complaint).   To

that end, these proposed redactions involve mere allegations of a conspiracy regarding Plaintiff's

employment in a civil complaint, albeit one that is no longer the operative pleading following the

consolidation order.   Not only does the Complaint not reveal anything confidential in nature, but

as previously stated, Defendants have not sufficiently articulated the clearly defined harm that

would result if those allegations in the *Jorjani II* Complaint are not sealed.   As such, the Court

denies this portion of Defendants' motion to seal and correspondingly grants that portion of

Plaintiff's cross-motion to unseal.

## V.   <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to seal and redact (ECF No. 79) is

**GRANTED IN PART AND DENIED IN PART**.   Plaintiff's cross-motion to unseal (ECF No.

87) is correspondingly **GRANTED IN PART AND DENIED IN PART**.   Specifically,

Defendants' motion to seal and/or redact is granted as to the following:

- **ECF No. 62-2:** (i) Pages 18-20; paras., a through e in its entirety; and (ii) Page 25, fourth bullet point, second and third sentences beginning with the word "Indeed" and ending with the word "offense";

- **ECF No. 62-3** (iii) October 20, 2020 Letter, Ex. 5, NJIT's Discovery Responses ("Ex. 5"), page 6, last para., line 11 after "discipline" through the end of the para., on page 7; (iv) Ex. 5, page 9, objection and response no. 4, lines 4-6 in its entirety; (v) Ex., 5, page 9, objection and response no. 5, lines 3-7 in its entirety; (vi) Ex. 5, page 10, objection and response no. 5, lines 1-2 in its entirety.

- **ECF No. 62-3**: Ex. 4 (the Saiber Report).

The remainder of Defendants' motion to seal and redact is **DENIED**.

Plaintiff's motion to unseal *Jorjani II* Complaint is **GRANTED IN PART AND DENIED**

**IN PART**, consistent with the Court's rulings in connection with Defendants' Motion to Seal

herein.   Plaintiff, however, is reminded that the *Jorjani II* Complaint is not the operative pleading following the consolidation of the two actions.   Rather, the Complaint in *Jorjani I* remains the operative pleading.

The parties are to confer and file the appropriately sealed and/or redacted documents in connection with the papers filed at ECF No. 62, including all attachments thereto, on the docket consistent with this Memorandum Opinion and Order within twenty (20) days hereof.

The Clerk of the Court is requested to (1) maintain the original filing (ECF No. 62) under seal; and (2) terminate the motions appearing on the docket at ECF Nos. 79 and 87.

With respect to the Court's ruling denying Defendants' motion to seal the *Jorjani II* Complaint, at ECF No. 4, and granting Plaintiffs' cross-motion to unseal this pleading, the Clerk of the Court shall take no action to unseal the *Jorjani II* Complaint until 14 days from the filing of this Order pursuant to Local Civil Rule 72.1(c)(1)(C).


**s/Jessica S. Allen_____**
**Jessica S. Allen**
**United States Magistrate Judge**


**Dated: June 2, 2022**

–17–